UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALCOLM FLEMING,

                Petitioner,

-vs-                                                      Case No.  8:04-cv-1292-T-24TBM

WARDEN D. DAVIS; JAMES V. CROSBY,
JR.,

                Respondents.
_____/

**ORDER**

THIS CAUSE is before the Court on Petitioner Michael Fleming's 28 U.S.C. § 2254 petition for writ of habeas corpus. Fleming challenges his convictions and sentences entered by the Circuit Court for the Thirteenth Judicial Circuit, Hillsborough County, Florida.

PROCEDURAL HISTORY

On June 21, 1999, in case no. 99-7863, Fleming was charged with Delivery of Cocaine and Possession of Cocaine. On August 30, 1999, in case no. 99-13992, Fleming was charged with Robbery with a Firearm and Obstructing or Opposing an Officer Without Violence. The latter charge emanated from Fleming's carrying a gun and demanding the cash receipts after he entered Wise Recycling on August 8, 1999. In the process of fleeing, Fleming was apprehended. The gun was recovered. Prior to trial, results from fingerprint analysis showed Fleming's fingerprints on the gun. Additionally, the victim of the robbery identified Fleming as the perpetrator.

On December 29, 1999, in case no. 99-22131, Fleming was charged with Robbery with a Firearm. This charge was based on Fleming's carrying a gun during the robbery of the Sabal Park Amoco Service Station. (Ex. 001).

Fleming was scheduled to go to trial on January 26, 2000. At the beginning of the proceedings, Fleming rejected the State's offer to withdraw its intent to treat Fleming as a violent career criminal if Fleming were willing to plead to all cases with a sentence of forty-years concurrent incarceration. (Ex. 002 at 340).

Thereafter, the state trial court announced it was prepared to proceed with Fleming's trial. Before proceeding, however, the state trial court cautioned Fleming:

> Mr. Fleming, I want you to understand that should you go to trial and if you qualify as a violent career criminal in the case, the statute indicates that the court must sentence you - it will not be discretionary on my part - that barring a finding that it would not be necessary for the protection of the public that you will be sentenced as a violent career criminal you would be facing life in Florida State Prison on these charges. I just want you to make sure you understand that so that if you go to trial and you're not successful in the defense of these charges, and that if you are convicted, that you face life in Florida State Prison, and that will be the sentence in this case.

(Ex. 002 at 341-342). Fleming's case was then recessed. When the case reconvened, Fleming's trial counsel announced Fleming was accepting the State's modified offer as to all three cases. Under the modified offer, the State withdrew its notice to treat Fleming as a violent career criminal, formally noticed Fleming as a habitual violent felony offender, and offered <u>30-year sentence</u> as described below. (Ex. 002 at 345-346).

The state trial court judge accepted Fleming's plea, and pursuant to the plea agreement, acknowledged Fleming was to receive a 30-year "straight sentence" as a habitual felony offender on Count One and a 5 year concurrent sentence on Count Two in

case no. 99-7863; and a 30-year sentence on the remaining cases with a 15-year minimum mandatory as a habitual violent felony offender. All sentences were concurrent. (Resp. Ex. 002 at 343-344; 346-348 350-351; Resp. Ex. 003). Thereafter, a factual basis for Fleming's guilty plea was entered into the record as were the qualifying convictions underlying Fleming's habitual violent felony offender status. (Resp. Ex. 002 at 350-351).

Fleming did not appeal his conviction and sentence. On June 14, 2000, Fleming filed a *pro se* Rule 3.850 Motion for Post-Conviction Relief, alleging:

> Ground I - Insufficient Evidence that Fleming carried a firearm as charged in the charging information.
>
> Ground II - Ineffective Assistance of Trial Counsel for allegedly coercing Fleming into a guilty plea because counsel was unprepared for trial.

(Resp. Ex. 004). On September 25, 2000, the state trial court dismissed Fleming's Rule 3.850 motion without prejudice. Fleming had failed to include a properly sworn oath in compliance with Florida Rule of Criminal Procedure 3.850. (Resp. Ex. 005).

On December 11, 2000, Fleming again filed a *pro se* Rule 3.850 Motion for Post-Conviction Relief, alleging:

> Ground I - Ineffective Assistance of Trial Counsel for failing to object to the court's error in threatening Fleming to an enhanced sentence before the State made notice to Fleming to seek enhanced penalties during Fleming's January 26, 2000, plea hearing.
>
> Ground II - Ineffective Assistance of Trial Counsel for coercing Fleming into a plea because counsel was unprepared for trial.
>
> Ground III - Ineffective Assistance of Trial Counsel for using Fleming's brother to coerce Fleming into entering a plea.
>
> Ground IV - Ineffective Assistance of Trial Counsel and the court erred by allowing Fleming to plead guilty without a reasonable time to contemplate in violation of Florida Rule of Criminal Procedure 3.170(J).

> Ground V - Ineffective Assistance of Counsel and the trial court erred by allowing the State to serve notice of enhanced penalties in the middle of the plea colloquy.

(Resp. Ex. 006).

On March 19, 2001, Fleming filed an Amended Motion for Post-Conviction Relief which mirrored the same grounds as his December 11, 2000, motion. (Resp. Ex. 007). On July 10, 2001, the state trial court entered an "Order Denying, In Part, Motion for Post-Conviction Relief and Order to Respond." (Resp. Ex. 008). In its order, the state trial court denied Fleming relief as to Grounds I, III, IV and V because these claims were refuted by the record. The state trial court ordered the State to respond to Ground II, which alleged that trial counsel coerced Fleming into entering a plea because counsel was unprepared for trial for failing to perform any investigation or prepare any reasonable defenses to the charges. On August 14, 2001, the State filed its response to Fleming's Motion for Post-Conviction Relief conceding that Fleming was entitled to an evidentiary hearing on Ground II.

On November 16, 2001, Fleming filed a *pro se* Amended Motion for Post-Conviction Relief alleging many of the same issues he raised in his previous Rule 3.850 motions. In addition he added the following ground for relief:

> Ground VII - Trial Counsel was ineffective for failing to explain the consequences of the plea agreement to Fleming and for misadvising Fleming of the stipulations of the plea agreement.

(Resp. Ex. 009). On November 21, 2001, Fleming's court-appointed counsel filed a motion for rehearing as to the trial court's summary denial of Ground I of Fleming's December 11, 2000, Motion for Post-Conviction Relief. (Resp. Ex. 010).[1]

On January 24, 2002, the state trial court held an evidentiary hearing on Grounds Ground II and VII. (Resp. Ex. 011). At that hearing, Fleming's trial counsel, Ursula Richardson testified. Defendant Malcolm Fleming, and his brother, Cameron Fleming, and sister-in-law, Nina Fleming also testified.

Ms. Richardson testified that she represented Fleming on the Wise Recycling and Amoco Station robberies as well as on the Delivery/Possession of Cocaine charges. She testified that she deposed police and the victim in the Wise Recycling robbery but conducted limited discovery on the other two cases. (Resp. Ex. 011 at 366-367).

She also testified that she met with Fleming to discuss possible defenses. At one point, there was a discussion about potential suppression issues in the Wise Recycling Robbery -- specifically issues related to a partial confession Fleming made to police officers the day he was arrested. At that time, Fleming allegedly was high on crack cocaine. The other specific suppression issue had to do with allegedly suggestive identification procedure. (Resp. Ex. 011 at 368). Arguably there was some support for the issues Fleming raised; however, Richardson made a tactical decision not to file a motion to suppress based on all the circumstances of the case. (Resp. Ex. 011 at 373-375).

---

[1] No separate order was issued denying the motion for rehearing, but the final order denying the Rule 3.850 motion, in essence, denied all pending motions. Had this motion been pending, Petitioner could not have filed an appeal, which he did.

Richardson testified that Fleming ultimately agreed with her not to preserve the issues through a motion to suppress. (Resp. Ex. 011 at 374). Moreover, counsel determined that challenging Fleming's identification would not be successful in a motion to suppress after she reviewed police reports, and after a gun was found with Fleming's fingerprints. (Resp. Ex. 011 at 375-377). Eventually, Fleming decided to accept the State's plea offer of thirty years as a habitual felony offender. (Resp. Ex. 011 at 378).

Richardson discussed the terms of the sentence with Fleming prior to his accepting the plea agreement. Counsel testified that she believed the State sent Fleming notice regarding the enhanced sentence at Fleming's arraignment. (Resp. Ex. 011 at 379). Because of Fleming's prior convictions, counsel discussed with Fleming his potential exposure if he lost at trial and gave Fleming a copy of the enhanced sentence statute.

Richardson never promised Fleming that he would receive any certain sentence. (Resp. Ex. 011 at 380). In short, prior to his plea, Fleming understood he could potentially serve thirty years with a minimum mandatory sentence of fifteen years. Fleming never asked counsel further questions that indicated he had any misunderstanding regarding his potential sentence.

On June 10, 2002, the state trial court denied Fleming's Rule 3.850 Motion for Post-Conviction Relief. (Resp. Ex. 012). Fleming appealed. On or about April 10, 2003, Fleming's court-appointed counsel filed an <u>Anders</u> brief asserting that no arguable error could be found in state district court of appeal consolidated case numbers 2D02-2759, 2D02-2769, and 2D02-2779. (Resp. Ex. 013).

On July 21, 2003, Fleming filed his *pro se* brief challenging the State trial court's June 10, 2002, order. In his *pro se* brief, Fleming raised the following two issues:

> 1.) Whether the lower court failed to make the requisite statutory findings prior to imposition of an enhanced sentence pursuant to section 775.084, Florida Statutes, and trial counsel was ineffective by failing to contemporaneously object thereto.
>
> 2.) Whether the lower court erred in summarily denying claim that defendant's plea was involuntary, where plea was procured by the affirmative misrepresentations of both the trial court and counsel concerning risks of proceeding to trial.

(Resp. Ex. 014).

On January 16, 2004, the state district court of appeal *per curiam* affirmed the state trial court's order denying Fleming's Rule 3.850 motions. (Resp. Ex. 015); Fleming v. State, 872 So.2d 905 (Fla. 2d DCA 2004)(Table). Fleming then timely filed the present federal petition for writ of habeas corpus raising four grounds for relief.

## STANDARDS OF REVIEW

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. Williams v. Taylor, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it

must be demonstrated that the state court decision was "objectively unreasonable." Id. Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).

### Ineffective Assistance of Counsel Standard

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Strickland's two-part test requires a Petitioner to demonstrate that counsel's performance was deficience and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

### DISCUSSION

The issues have been fully briefed and the case is ready for decision. No evidentiary hearing is necessary because the record is fully developed and the claims of the Petition raise issues of law, not issues of fact. All of the claims lack merit and the Petition will be **DENIED**.

A review of the record demonstrates the claims Fleming raises in the present petition may generally be combined under the following two grounds:

### GROUND ONE

**Whether Fleming's conviction was obtained through an unlawfully induced, involuntary guilty plea.**

Fleming claims his guilty plea was entered only after threats and coercion from both defense counsel and the trial court.

### Fleming's Claims Against Defense Counsel

Fleming claims counsel was unprepared for trial, and was therefore infuriated with Fleming because Fleming did not accept an earlier plea offer from the State. According to Fleming, counsel used undue influence on Fleming and, in addition, misled Fleming's brother into coercing Fleming to accept the later plea deal. Fleming alleges he was further misadvised by counsel that he would only have to serve 15 years of his 30-year sentence.

### Fleming's Claims Against the Trial Court

Fleming alleges the state trial court coerced him into pleading guilty with the threat of an enhanced habitual violent felony offender sentence, even though the State had not sent Fleming notice of its intent to seek an enhanced sentence.

Finally, Fleming claims he did not have sufficient time to fully contemplate the consequences of his plea before pleading guilty.

Reviewing federal courts may set aside a state trial court guilty plea for failure to satisfy due process. Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir.)(en banc), cert. denied, 502 U.S. 835 (1991). When the defendant is not fairly apprised of its consequences or when the defendant pleads guilty on a false premise in the prosecutor's plea agreement, a guilty plea violates the Due Process Clause. Mabry v. Johnson, 467 U.S. 504, 509 (1984).

In its July 12, 2001, order denying claims I, III, IV, and V of Fleming's post-conviction motion, the state trial court noted that during Fleming's January 26, 2000, plea hearing, the state trial court properly inquired as to the voluntariness of Fleming's plea. Fleming

assured the court he was not promised anything in order to get him to enter his plea, nor was the plea a result of any threats or coercion. Furthermore, the transcript of the January 24, 2002, hearing on Fleming's Rule 3.850 motion supports the state trial court's conclusion that trial counsel made no false promises or threats to Fleming.

To the contrary, counsel told Fleming he would potentially have to serve all thirty years; and Fleming concluded his discussion with counsel with the understanding he could potentially serve thirty years incarceration with a fifteen year minimum mandatory period of incarceration. Likewise, the record supports the state trial court's conclusions that the court itself did not threaten Fleming with an enhanced sentence prior to Fleming's accepting his plea. Instead, the trial court informed Fleming that "if" he qualified for an enhanced sentence under the "GORT" Act, Fleming would be facing a mandatory life sentence.

The record also supports the state trial court's findings that Fleming was properly notified of the State's intention to seek an enhanced sentence prior to sentencing, and that Fleming failed to demonstrate any prejudice from the court's alleged error of allowing Fleming to plead guilty without an alleged reasonable time to contemplate his actions.

Fleming has not presented clear and convincing evidence demonstrating the state trial court's ruling denying Fleming's Rule 3.850 relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or the ruling was based on an unreasonable determination of the facts in light of the evidence presented.

Ground One does not warrant federal habeas corpus relief.

## GROUND TWO

**Fleming Was Denied his Sixth Amendment Right to Effective Assistance of Trial Counsel.**

Fleming next contends his trial counsel was ineffective for coercing Fleming into a plea to cover up counsel's being unprepared for trial. Fleming claims counsel failed to investigate the charges against Fleming, and failed properly to file pre-trial motions. Alternatively, Fleming claims counsel was ineffective for failing to explain the consequences of the plea agreement before allowing Fleming to enter a plea.

In its June 11, 2002, detailed final order dismissing the Rule 3.850 claim of ineffectiveness of trial counsel, the state trial court set out its rationale for its rejection of this claim. Based on the testimony at the state trial court evidentiary hearing, the state trial court noted that counsel did meet with Fleming as part of her investigation to discuss any potential defenses with him. At that time, counsel discussed possible suppression issues as they related to an incriminating statement allegedly made by Fleming while Fleming was allegedly intoxicated as well circumstances regarding Fleming's identification by the victim.

### The Intoxication Issue

When investigating the possibility of attempting to have the incriminating statement suppressed, trial counsel discussed with Fleming his use of crack cocaine on the day he was arrested. Counsel also took depositions of the arresting officers and the victim. Based on the information she obtained, counsel did not file a motion to suppress because she did not have any legitimate support for a suppression motion.

### Suggestive Identification

Counsel likewise testified she discussed the issue with Fleming. However, based on the fact that Fleming's fingerprints were found on the gun that was demonstrated to be used in the robbery, counsel felt the issue of a possible misidentification was weak.

### Failure to Explain the Consequences of the Plea Agreement

As to Fleming's claim that counsel failed to explain the consequences of the plea agreement to Fleming, the state trial court noted that counsel testified she made no promises to Fleming about how much prison time Fleming would have to serve on the proposed thirty- year sentence. Instead, the state trial court determined, based on the hearing testimony, that counsel told Fleming he would potentially have to serve the entire thirty years, and that Fleming understood he could potentially serve thirty years incarceration with a fifteen year minimum mandatory sentence.

Based on counsel's testimony, the state trial court concluded counsel was prepared to proceed to trial if Fleming so requested, and that any decision not to file any motions to suppress was a matter of sound trial strategy. Compare Meeks v. Moore, 216 F.3d 951 (11th Cir. 2000)(defense counsel has no duty to bring forth non-meritorious motions).

The state trial court accepted trial counsel's testimony as true and rejected Fleming's testimony as not credible. Fleming has not presented clear and convincing evidence to show the state court's ruling resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented. To the contrary, the state trial court correctly applied the standard outlined in Strickland to Fleming's claims in Ground Two.

Ground Two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Fleming's petition is dismissed, with prejudice. The Clerk is directed to enter judgment against Fleming and to close this case.

ORDERED at Tampa, Florida, on March 16, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Counsel of Record
Malcolm Fleming