UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MALCOLM FLEMING,

Petitioner,

-vs-                                                        Case No.  8:04-cv-1292-T-24TBM

WARDEN D. DAVIS; SECRETARY, DEPT.
OF CORRECTIONS,

Respondents.

_____/

## ORDER

This case is on remand from the United States Court of Appeals for the Eleventh

Circuit.

### THE REMAND ORDER

Fleming filed a 2254 petition raising the following four claims: (1) Fleming's conviction was obtained through an unlawfully induced, involuntary guilty plea for a variety of reasons;  (2) Fleming was denied effective assistance of counsel at various stages of his state court proceedings; (3) the state trial court violated the separation-of-powers doctrine by threatening Fleming with a life sentence as a habitual violent felony offender before the state had filed a notice seeking the sentencing enhancement, suggesting that the judge was biased; and (4) Fleming's due process rights were violated, inter alia, when the state trial court neglected to inform Fleming of his right to a direct appeal and failed to give a full and fair hearing on Fleming's motion for post-conviction relief.

In denying Fleming's § 2254 petition, the district court distilled Fleming's four claims down to two issues.  First, the district court noted that a claim that a defendant was not fully apprised of the consequences of his guilty plea or had pled guilty based on a false statement in the plea agreement implicated the Due Process Clause.  On this basis, the district court concluded that Fleming's separate due process claims merely reiterated his claims that his guilty plea was involuntary.  The district court then addressed the merits of these due process claims and found that there

was insufficient evidence that Fleming's guilty plea was unlawfully induced or involuntary.  Second, the district court addressed whether Fleming was denied effective assistance of counsel and again found insufficient evidence to suggest a violation of Fleming's constitutional rights.

Fleming filed this appeal.  We granted a certificate of appealability on the limited issue of "[w]hether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address all of the claims raised in appellant's 28 U.S.C. § 2254 petition?"

## DISCUSSION

On appeal, Fleming argues that the district court did not address all of the claims raised in his § 2254 petition. In, Clisby, we instructed the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief. 960 F.3d at 936.  We concluded that, when a district court fails to address all claims in the habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.[1]

[1]We review an appeal of a district court's denial of a § 2254 petition de novo. Gamble v. Sec'y, Dept. of Corr., 450 F.3d 1256, 1247 (11th Cir. 2006).

Upon review of the record and the parties' briefs, we conclude that the district court failed to address two of Fleming's due process claims. The district court's order sought to answer only whether Fleming's conviction was obtained through an unlawfully induced, involuntary guilty plea and failed to consider alleged due process violations that occurred after Fleming entered his plea. Namely, the district court did not address whether Fleming's due process rights were violated (1) when the state court allegedly failed to notify him of his right to file a direct appeal or (2) when the state court allegedly failed to provide a full and fair hearing on Fleming's motion for post-conviction relief.[2]

VACATED AND REMANDED.

[2] Fleming also argues that the district court failed to address his other due process claims relating to the acceptance of his plea, including claims that the state court deprived Fleming of adequate time to contemplate the plea offer, allowed the state to serve notice of intent to charge Fleming as a habitual violent felony offender during the plea hearing and failed to require adequate proof of his prior convictions.  The facts supporting these allegations are essentially the same as the facts used to support his argument that his plea was involuntary.  These allegations do not constitute separate violations.  See Mabry v. Johnson, 467 U.S. 504,

509, 109 S.Ct. 2543, 2547 (1984) (explaining that due process requires that a guilty plea be made voluntarily, intelligently and not based on misrepresentation or coercion).

Likewise, Fleming's claim that the state court violated the separation-of-powers doctrine is identical to his due process claim that the state court coerced his guilty plea by threatening him with a life sentence. Both claims are based on the same operative facts and allege violations of the same constitutional right to due process. The district court addressed these allegations in its ruling regarding the voluntariness of Fleming's plea.

(Doc. No. 17)(emphasis added).

## BACKGROUND

Fleming timely filed the present case in June 2004, attacking his convictions arising in three separate cases out of the Thirteenth Judicial Circuit in Hillsborough County, Florida. In case number 99-7863, Fleming was charged with Delivery of Cocaine and Possession of cocaine. In Case Number 99-13992, Fleming was charged with Robbery with a Firearm and obstructing or opposing an Officer without violence. In case number 99-22131, Fleming was charged with Robbery with a Firearm.

On January 26, 2000, Fleming was scheduled to go to trial. At the beginning of proceedings, Fleming accepted the State's modified plea offer as to all three cases. Under the modified plea offer, the State withdrew its notice to treat Fleming as a habitual violent offender, and offered Fleming a 30-year straight sentence as a habitual felony offender with a 15-year minimum mandatory for the robbery offenses, and a 5-year concurrent sentence for the delivery of the cocaine offense. The written plea agreement, which Fleming signed, included the following paragraph:

5. I understand I reserve the RIGHT TO APPEAL the judgment and sentence of the Court within thirty (30) days of the date of sentence. I understand that if I wish to take an appeal and cannot afford an attorney to help me in my appeal, the Court will appoint an attorney to represent me for that purpose. I understand that if I plead guilty or nolo contendere without

> reserving the right to appeal, I am waiving my right to appeal all matters relating to the judgment including the issue of my guilt or innocence. I admit that there is a factual basis for the charge(s) to which I am entering a plea.

(Written Plea Agreement, page 2)

Fleming did not file a timely direct appeal of convictions. On December 11, 2000, Fleming filed a rule 3.850 motion raising five grounds for relief:

> 1. Ineffective assistance of trial counsel for failing to object to the state trial court's error in threatening Fleming to an enhanced sentence before the State made notice to Fleming to seek enhanced penalties during the January 26, 2000 plea hearing;
>
> 2. Ineffective assistance of trial counsel for coercing Fleming into a plea because trial counsel was unprepared for trial;
>
> 3. Ineffective assistance of trial counsel for using Fleming's brother to coerce Fleming into entering a plea;
>
> 4. Ineffective assistance of trial counsel and the state trial court erred by allowing Fleming to plead guilty without a reasonable time to contemplate;
>
> 5. Ineffective assistance of counsel and the state trial court erred by allowing the State to serve notice of enhanced penalties in the middle of the plea colloquy.

On July 10, 2001, the state trial court summarily denied grounds 1, 3, 4, and 5. The state trial court ordered the State to respond to ground 2.

On November 16, 2001, Fleming filed an amended rule 3.850 motion alleging many of the same issues that he alleged in his previous motion, in addition to the allegation that trial counsel was ineffective for failing to explain the consequences of the plea agreement to Fleming, and for misadvising Fleming of the stipulations of the plea agreement.

On January 24, 2002, the state trial court held an evidentiary hearing on the following issues: 1) ineffective assistance of trial counsel for allegedly coercing Fleming

-4-

into a plea agreement because trial counsel was unprepared for trial; 2) ineffective assistance of trial counsel for failing to explain the consequences of the plea agreement to Fleming; and 3) ineffective assistance of trial counsel for misadvising Fleming of the stipulations of the plea agreement.  On June 10, 2002, the state trial court denied Fleming's rule 3.850 motion.

Fleming appealed the denial of rule 3.850 relief.  On April 10, 2003, court-appointed counsel for Fleming filed an <u>Anders</u> brief asserting that no arguable error could be found in the state trial court's order denying Fleming's rule 3.850 motion.  On July 21, 2003, Fleming filed a pro se brief.  Fleming raised two issues: 1) whether the state trial court failed to make the requisite statutory findings prior to imposition of an enhanced sentence pursuant to section 775.084, Florida Statutes, and whether trial counsel was ineffective for failing to object contemporaneously to that failure; and 2) whether the state trial court erred in summarily denying Fleming's claim that his plea was involuntary, where the plea was allegedly procured by the affirmative misrepresentations of both the state trial court and trial counsel concerning the risks of proceeding to trial.

On January 16, 2004, the state district court of appeal per curiam affirmed the state trial court's denial of rule 3.850 relief. <u>Fleming v. State</u>, 872 So. 2d 905 (Fla. 2d DCA 2004)[Table].

On June 2, 2004, Fleming timely filed his 2254 petition for writ of habeas corpus. This Court denied his petition, and Fleming appealed.  The Eleventh Circuit reversed and remanded for this Court to consider two claims. (See remand order above).

A review of the record and the applicable law demonstrates that neither claim merits habeas corpus relief.

Claim One

Violation of Due Process When State Trial Court
Failed To Notify Fleming of his Right To File a Direct Appeal

Fleming alleges that his due process rights were violated because the state trial court did not notify him of his right to file a direct appeal. Due process provides that no person shall be deprived of life, liberty, or property, without due process of law.  Fourteenth Amendment to the United States Constitution.

A review of the record supports Fleming's claim that the state trial court did not advise Fleming, in open court, of his right to file a direct appeal.  However, Fleming cannot show that the failure of the state trial court to do so resulted in a violation of his right to due process because he has not shown that he was prejudiced by the omission.

In a federal criminal case, the United States Supreme Court held that a district court's failure to advise the defendant of his right to appeal his sentence did not entitle him to habeas corpus or collateral relief if he knew of his right and did not suffer prejudice from the omission.  Peguero v. U.S., 526 U.S. 23 (1999).  The Peguero Court clarified that, as a general rule, a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the error.  See, e.g., United States v. Timmreck, 441 U.S. 780 (1979).  Collateral relief is not available when all that is shown is a failure to comply with the formal requirements of a rule governing the taking of guilty pleas.  Timmreck, 441 U.S. at 785.

Likewise, in Fleming's case, the failure of the state trial court to provide him notice in open court of his right to file a direct appeal is not a sufficient basis for federal habeas corpus relief because Fleming cannot show that he suffered prejudice.  Fleming knew that he could file a direct appeal because Fleming's plea agreement clearly stated that he could appeal within 30 days.  Furthermore, Fleming filed a petition for a belated appeal in the state district court of appeal in case no. 2D02-4448 on October 9, 2002.  The petition was denied on October 29, 2002.  Fleming v. Moore, 833 So. 2d 130 (2nd DCA 2002)[table].

Therefore, Fleming's claim that his right to due process was violated  when the state trial court failed to notify him of his right to file a direct appeal does not warrant federal habeas corpus relief.

Claim Two

Violation of Due Process When State Trial Court
Allegedly Failed To Provide a Full and Fair Hearing
on Fleming's Motion for Post-conviction Relief.

Fleming claims that the state trial court violated his right to due process when the court failed to provide a full and fair hearing on his motion for postconviction relief.  In his reply to the response, Fleming alleged, without any support for the allegation, that "the State Attorney's Office has long employed the despicable tactic of contacting a defense attorney, prior to a post conviction evidentiary hearing, in order to threaten and coerce defense counsel into testifying for the state of losing his/her bar license."  He also alleged that the state trial court violated his right to due process because the state trial court sent Fleming "back to prison before issuing an opinion"  after the rule 3.850 evidentiary hearing.

Nothing in the record demonstrates that Fleming was denied a full and fair evidentiary hearing.  On January 24, 2002, the state trial court held an evidentiary hearing at which Fleming was represented by Attorney Joe Davis.[1]  Attorney Davis called as witnesses Ursula Richardson, Fleming's trial counsel; Cameron and Nina Fleming, Malcolm Fleming's brother and sister-in-law; and Malcolm Fleming.

After the hearing, the state trial court entered the following order:

## ORDER DENYING MOTION FOR POST CONVICTION RELIEF AND AMENDED MOTIONS FOR POST CONVICTION RELIEF

THIS MATTER is before the Court on Defendant's Motion for Post Conviction  Relief, filed on December 11, 2000, and Amended Motions for Post [sic] Relief, filed on March 19, 2001, and November 16, 2001, all filed pursuant to Florida Rule of Criminal Procedure 3.850.  The Court, after considering the Motion, amendments to Motion, court file, record testimony of witnesses, and arguments of counsel, finds that Defendant is not entitled to relief.

Defendant filed a Motion for Post Conviction Relief on July 17, 2000, and Amendments to Motion for Post Conviction Relief on March 19, 2001, and November 16, 2001.  On July 12, 2001, the Court ordered the State to respond to ground two of Defendant's Motion for Post Conviction Relief and March 19, 2001 Amended Motion for Post Conviction Relief and denied grounds one, three, four, and five.  (See order, attached).  On August 14, 2001, the State filed its response to Defendant's Motion finding that Defendant was entitled to an evidentiary hearing on ground two of his Motion. (See state's response, attached),  On November 29, 2001, the Court granted an evidentiary hearing on ground seven [sic] Defendant's November 16, 2001 Amended Motion.[1] (See transcript, dated November 29, 2001).  Thereafter, on January 24, 2002, the Court held an evidentiary hearing with respect to both Motions in order to ascertain the merits of Defendant's allegations. (See evidentiary hearing transcript, dated January 24, 2002), attached).

> [1] Ground seven of Defendant's November 16, 2001 Amended Motion was the only ground not previously raised in his original Motion for Post Conviction Relief.

---

[1] The record indicates that Mr. Davis was privately-retained counsel.

In his Motion for Post Conviction Relief, Defendant alleged the following ground for relief:

> 2.  Ineffective assistance of counsel for coercing Defendant into a plea to cover up counsel's unpreparedness for trial.

In his Amended Motion for Post Conviction Relief, Defendant alleged the following ground for relief:

> 7. Ineffective assistance of counsel for failing to explain the consequences of the plea agreement to Defendant before allowing Defendant to plead out and for misadvising Defendant of the stipulations of the plea agreement.

In grounds two and seven, Defendant alleged ineffective assistance of counsel.  In order to prevail on a claim of ineffective assistance of counsel a defendant must first show a specific act or omission of counsel which constitutes a substantial and serious deficiency measurably below that of competent counsel. Moreover, the defendant must also show that the specific, serious deficiency was substantial enough to demonstrate a prejudice to him to the extent that there is a likelihood that the deficient conduct affected the outcome of the proceedings. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L. Ed. 674 (1984); Knight v. State, 394 So. 2d 997 (1981).   In the event a defendant does show a substantial deficiency and presents a prime [sic] facie showing of prejudice, the state still has an opportunity to rebut those assertions by showing beyond a reasonable doubt that there was no prejudice in fact. Knight, 394 at 1001.

At the evidentiary hearing held on January 24, 2002, Defendant and his defense counsel, Ursula Richardson, testified on their own behalf. (See evidentiary hearing transcript, dated January 24, 2002, attached).  Since the hearing was reported and transcribed, the Court will not attempt to summarize or restate the testimony except to note particular items of consequence.

In ground two of his Motion for Post Conviction Relief, Defendant alleged ineffective assistance of counsel for coercing Defendant into a plea to cover up counsel's unpreparedness for trial. Defendant contends that counsel failed to perform any investigation into the charges, the elements of these charges, and form a reasonable defense thereto.

The testimony of Ms. Richardson reflects that she took depositions, interviewed witnesses, reviewed police reports, as part of her investigation into Defendant's charges.  Ms. Richardson also testified that she met with

Defendant and discussed any potential defenses with him. (<u>See</u> evidentiary hearing transcript, dated January 24, 2002, p. 7, L: 18-21 attached).  Ms. Richardson testified that she also discussed with Defendant about possible suppression issues as they related to an incriminating statement allegedly made by Defendant on the basis of intoxication and identification. (<u>See</u> evidentiary hearing transcript, dated January 24, 2002, p. 7, L: 22-25, p. 8, L: 1-3, attached).

As to the issue of intoxication, in investigating the possibility of attempting to have the incriminating statement suppressed, Ms. Richardson discussed with Defendant his use of crack cocaine on the day that he was arrested.  (<u>See</u> evidentiary hearing transcript, dated January 24, 2002, p. 8, L: 5-9, attached).  Ms. Richardson also took depositions of the arresting officers and the victims to determine if their statements were consistent with Defendant's statements that he had use [sic] crack cocaine on that particular day. (<u>See</u> evidentiary hearing transcript, dated January 24, 2002, p.[sic] attached). Based on the information obtained from the depositions and her conversations with Defendant, Ms. Richardson did not file a motion to suppress because she did not have any support for the Motion other than the fact that Defendant said he had a crack habit. (<u>See</u> evidentiary hearing transcript, dated January 24, 2002, p. 13, L: 10-18, p. 29, L: 16-21, attached). In his depositions the arresting officer did not perceive any problems by Defendant in answering his questions about knowing where he was, etc. (<u>See</u> evidentiary hearing transcript, dated January 24, 2002, p. 13, L: 10-18, attached). In addition, before his arrest, there were steps taken by Defendant that may have indicated his attempt to conceal the crime. (<u>See</u> evidentiary hearing . . . p. 13, L: 20-25, attached).  Ms. Richardson testified that she had extensive discussions with Defendant regarding this decision not to file the motion to suppress and Defendant consented in this decision. (<u>See</u> evidentiary hearing transcript . . . p. 14, L: 18-25, attached).

As to the issue of identification, Ms. Richardson testified that she discussed with Defendant about the possibility that there was a possible suggestive identification issue. (<u>See</u> evidentiary hearing transcript . . . p. 16, L: 16-25, attached). Ms. Richardson testified that based on the fact that the fingerprints found on the gun matched those of Defendant which were processed at Defendant's request, she felt that the issue of any possible misidentification was not as strong. (<u>See</u> evidentiary hearing transcript . . . p. 17, L: 2-11, attached).

Based on the foregoing, the Court concludes that counsel was adequately prepared to proceed to trial if Defendant had so requested and that any decision not to file any motions to suppress were a matter of trial strategy, "Judicial scrutiny of counsel's performance must be highly

deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689, S. Ct. at 2065 [*citations omitted*].  Since decisions concerning trial strategy or tactics ultimately rests with counsel, "tactical or strategic decisions of counsel do not justify post conviction relief on the grounds of ineffective assistance of counsel." Mazard v. State, 649 So. 2d 255 (Fla. 3d DCA 1995); see also Medina v. State, 673 so. 2d 298 (Fla. 1990) (holding that counsel cannot be ineffective for strategic decision made during a trial).  As such, no relief is warranted on this ground.

In ground seven of Defendant's November 16, 2001, Amended Motion for Post Conviction Relief, Defendant alleged ineffective assistance of counsel for failing to explain the consequences of the plea agreement to Defendant before allowing Defendant to plead out and for misadvising Defendant of the stipulations of the plea agreement.  Defendant contends that he believed if he went to trial he would receive a life sentence and if he took the plea he would receive a thirty (30) year sentence and be released after completing the fifteen (15) year minimum mandatory.

Ms. Richard testified that she made no promises to Defendant about how much time he would have to serve on the thirty (30) year sentence. (See evidentiary hearing . . . , p. 20, L: 2-4, attached).  Ms. Richardson testified that she told Defendant that he would potentially have to serve all thirty (30) years and that Defendant left with the understanding that he could potentially serve thirty (30) years with a fifteen (15) year minimum mandatory. (See evidentiary hearing transcript . . . p. 29, L: 5-9, p. 35, L: 16-25, p. 36, L: 1-2 attached).

Defendant testified that Ms. Richardson informed him that he had a fifteen (15) year minimum mandatory and if he stayed out of trouble while he was in the Department of Corrections then he would be released after fifteen (15) years.  (See evidentiary hearing transcript . . . p 55, L: 7-16 attached).  Defendant testified that if he had understood that we [sic] was going to have to serve almost all of the entire thirty (30) year sentence, he would not have pled. (See evidentiary hearing transcript . . . , p. 5-8, attached).

The court, after reviewing the testimony presented at the evidentiary hearing, accepts the testimony of counsel as being true, rejects the conflicting testimony of Defendant, and finds that Defendant fails to show how counsel's error which [sic] constitutes a substantial and serious deficiency measurably below that of competent counsel. "[M]atters of

credibility are the domain of the trial court." <u>Lewis v. State</u>, 751 so. 2d 715 (Fla. 5th DCA 2000).  As such, no relief is warranted on this ground.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion is hereby DENIED.

Defendant has thirty (30) days fro the date of this order within which to appeal.

Fleming has not shown that the state trial court violated his right to due process by failing to conduct a full and fair evidentiary hearing.  Fleming has not cited any law, and this Court is not aware of any law that prohibits a Defendant from being returned to prison prior to the issuance of an order ruling on the issues argued at a rule 3.850 evidentiary hearing. This Court does not find credible Fleming's conclusory claim that "the State Attorney's Office has long employed the despicable tactic of contacting a defense attorney, prior to a post conviction evidentiary hearing, in order to threaten and coerce defense counsel into testifying for the state of losing his/her bar license."   The transcript of the evidentiary hearing demonstrates that the hearing was comprehensive and fair.

Claim two does not warrant federal habeas corpus relief.

Accordingly, the Court orders:

1. That Fleming's petition is denied in its entirety. The Court adopts and incorporates the previous denial order (Doc. No. 9) in this remand order.

2. The Clerk is directed to enter judgment against Fleming and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on December 21, 2006.

SUSAN C. BUCKLEW
United States District Judge

USCA
Counsel of Record
Malcolm Fleming, Pro Se

-13-